**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILLIE POWELLS,** | )( | **Civil Action No. 4:22cv-1306** |
| | )( | **(Jury Trial)** |
| *Plaintiff,* | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **TOUT SWEET, LLC,** | )( | |
| | )( | |
| *Defendant.* | )( | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF THE COURT:**

COMES NOW, Plaintiff, WILLIE POWELLS, complaining of Defendant, TOUT

SWEET, LLC, and sets forth as follows:

**I. INTRODUCTION**

1.      Willie Powells (hereinafter sometimes "Attorney Powells" or "Plaintiff"), 44,

is an accomplished attorney with his main offices and residence in Houston, Texas.

He also happens to be a male African-American. Despite his vast education and

myriad professional accomplishments, however, he was not allowed to pay the

entrance fee to get into a nightclub in downtown Houston when similarly-situated

White, Hispanic, and female individuals were so allowed.

2.      What Attorney Powells was reminded of on that day is that he is an African-

American man merely attempting to enjoy himself at a nightclub open to the public

in his hometown, and despite passage of the civils rights laws over half a century

ago, is extremely embarrassed, belittled, and ashamed of being excluded.

3.      Because of his race and sex Attorney Powells was discriminated against by

members of the nightclub's staff and denied services and the ability to contract that

were provided to non-African-American and also female customers. Accordingly,

Attorney Powells commences this action against Tout Sweet, LLC to recover

damages pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §, *et*

*seq.*, as amended, ("Section 1981").

## II. JURISDICTION

4.      This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331

because it arises under a statute of the United States, specifically Section 1981 of the

Civil Rights Act of 1866, 42 U.S.C. §, *et seq.*, as amended, ("Section 1981") which

forbids racial discrimination against any person in the "making, performance,

modification and termination of contracts, and the enjoyment of all benefits,

privileges, terms, and conditions of the contractual relationship."

5.      Plaintiff further invokes the Court's supplemental jurisdiction pursuant to 28

U.S.C. § 1367(a) over any and all state law claims and causes of action that derive

from the same nucleus of operative facts and are part of the same case or controversy

that gives rise to the federally-based claims and causes of action.

### III. VENUE

6.    Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because the events happened in Harris County, Texas within the United States Southern District of Texas, Houston Division boundaries.

### IV. PARTIES

7.    Plaintiff WILLIE POWELLS in an individual residing in Harris County, Texas.

8.    Defendant TOUT SWEET, LLC is a Texas Corporation with its principal place of business at 2001 Commerce Street, Houston, Texas 77002. This Defendant can be served with process through its registered agent, Thuy-My Luong, 2001 Commerce Street, Houston, Texas 77002.

### V. FACTUAL BACKGROUND & GENERAL ALLEGATIONS

9.    Willie Powells is an African-American male and Texas lawyer licensed in 2006.

10.    Recently, the City of Houston and Mayor Sylvester Turner issued a proclamation recognizing the charitable contributions and community outreach accomplishments for Attorney Powells including his show "All About the Law with Attorney Willie Powells." The mayor even officially proclaimed the day he was recognized for his service to be "Willie Powells Day."

11.    Willie Powells is a hardworking, very accomplished professional whose many accolades and accomplishments include:

- President & CEO – The Law Offices of Willie D. Powells III, & Associates, PLLC

- Doctorate of Jurisprudence (JD) – South Texas College of Law

- Master's in Business Administration (MBA) – Houston Baptist University: Thesis unpublished/ Interest Business and Corporate Law

- Bachelors of Science (BS) in Chemical Engineering, Dual Minor Biology and Music (Piano) – Drexel University: Graduated a year early – Vanguard Scholar

- Honors Graduate – Booker T. Washington High School for Engineering Professions

- Clerked at 215th District Court; The Honorable Levi Benton

- Concert Violinist

- Platoon Commander of NJROTC Under Captain Bowman, Lt. Col. Sluis, Master Chief Hand and the Gunny

- Student Athlete

- First Vice President & Co-Captain of Gent's Organization and Step Team

- Graduated Perfect Attendance K – 12th grade: 13 years.

- National Action Council for Minorities in Engineering (NACME) Vanguard Engineering Scholarship recipient to Drexel University

- Worked at PECO Energy

- Worked at Exxon Mobil in the Legal Department

- Worked at Air Products and Chemicals

- Understudy for and worked at Double Doctorate MD PHD Cato Laurencin Research and Science Laboratory

- Senior Design: Created an Ethel Benzyl Plant

- Drexel University Gospel Choir

- Founder of student organization SANS Student Society

- Selected to participate in the JP Morgan Chase Summer internship program

- Worked at Wendy Buskop Intellectual Property and Patent Law Firm

- Vice President: Student Bar Association

- Certified: Mediator/Arbitration; Judge Bruce Wettman

- Who's Who American Law Student each year

- Award: Dean's Citizenship Award from Dean James Alfini

- Varsity Mock Trial Team Member

- Phi Delta Phi Legal Honor Society Member

- Intern – Houston Texans

12.     On Saturday evening, September 18, 2021, Attorney Powells was invited to a joint birthday and going away party for Esperanza Martinez (hereinafter, sometimes "Cindy") who was being deployed into military service. Cindy was Attorney Powells' first paralegal at the law firm he owns, a former client, and a long-time friend. Cindy was celebrating her 35th birthday. This was a major event for Cindy and her family, and she had been planning this for a very long time. The event was scheduled to take place at the Sugar Room located on Washington Street near

downtown Houston. The event was scheduled to begin around 9:00 PM. Once inside Attorney Powells planned to purchase food and drinks for others at the party in recognition of Cindy.

13.    As Attorney Powells was approaching the doorway for entry, he was stopped by the "head of security," and was told that he could not enter the event because he had "holes" in his jeans. Attorney Powells pointed out to the head of security that he did not have any holes in his jeans but the jeans were designed to appear to have patches. The jeans were clean and unwrinkled. The three security personnel just a few feet away could plainly see there were no holes, just the appearance of patches.

14.    Attorney Powells left due to not being allowed into the premises.

15.    Not wanting to leave the impression he did not care about Cindy's event-which he very much did, Attorney Powells stood on the public street in front of the Sugar Room to tell Cindy, and the other birthday celebrant, once she arrived, "Happy Birthday" and that he could not get into the Sugar Room due to his attire.

16.    While Attorney Powells was waiting on the street for Cindy and the other guests, Attorney Powells noticed several other people pass by him and enter the Sugar Room with holes in their jeans, both male and female. Attorney Powells also observed non-African American males with open toe sandals, tennis shoes, and otherwise very causal type attire enter the club.

17.     After several people passed by Attorney Powells decided to start to shoot video. Attorney Powells recorded at least three people male and female who were not African American males and had prominent holes in their jeans enter the club. After seeing this, Attorney Powells went back to the front door area to speak with with the Sugar Room manager about his observations. As Attorney Powells approached the front door, the head of security came out, and Attorney Powells showed him his Texas bar card and asked to speak to the manager.

18.     The head of security said the manager was not present. Attorney Powells then asked for the contact information for the manager. The head of security said his name is "Dom." Attorney Powell's asked for Dom's last name and telephone number and the head of security said "he did not know it" and said Attorney Powells could find that information on their Instagram page. The head of security then said "why do you want to speak with him—you can talk to me."

19.     Willie then told the head of security that he had observed several other people be admitted to the premises with holes in their pants.  The head of security said, "No you didn't," to which Attorney Powells stated, "I have it on video." Then the head of security said "who?" and "well we aren't perfect" and "I did not see them."

20.     The head of security went on to say they are very strict on Saturday nights and that patrons cannot have holes in their clothes because the club wants to have a certain image. As he was saying this a female walked out of the Sugar Room with

jeans that had many large, prominent holes in them. The head of security then said

the rule does not apply to women. Attorney Powells mentioned that he recorded a

man (who was not African American) walk into the Sugar Room with holes in his

pants to which he said again "we aren't perfect."

21.     Attorney Powells then asked the head of security if, now that he knew at least

one man was inside with holes in his jeans, whether he was going to remove that

man from the club and the head of security said no.

22.     Attorney Powells began to explain to the head of security that this was

discrimination against certain patrons. Attorney Powells stated he would follow up

with Dom and the head of security said "okay."

23.     Attorney Powells has suffered great shame, anxiety, anger, depression, and

other mental anguish due to these events. This has caused at least nausea, headaches,

and loss of sleep. Attorney Powells would like to go to the Sugar Room to eat and

drink in the future.

## VI. CAUSES OF ACTION & DAMAGES

### Count I: Compensatory & Punitive Damages & Attorneys' Fees Pursuant to 42 U.S.C. § 1981

24.     Plaintiff repeats, realleges, and fully incorporates each and every allegation

contained in Paragraphs 1 through 23 of this Complaint as though such allegations

were fully set forth herein.

25.     Plaintiff had a right under Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.* to be free from discrimination based on his race and/or sex in the "making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," including the relationship he sought with Tout Sweet, Inc. on September 18, 2021.

26.     The Defendant acted out of sex and racial animus in denying Attorney Powells his federally protected rights and intentionally treated him in a base and subhuman manner at the Sugar Room. Their discriminatory and humiliating treatment of her were utterly unacceptable in civilized society and were an affront to the values that society expects in the equal treatment of all persons, especially those who seek to socialize and purchase goods in clubs open to the public and enjoy the privileges of operating retail community banks under federal regulations.

27.     The Defendant is liable to Plaintiff, jointly and severally for compensatory damages under 42 U.S.C. § 1981 for their intentional acts and omissions that caused Plaintiff to sustain and endure sever emotional distress, mental anguish, disgust, revulsion, nausea, embarrassment, disparagement, shock, and utter humiliation, in an amount of at least $500,000, or as determined by the trier of fact.

28.     The security at the Sugar Room personally acted with malice and/or reckless indifference toward Plaintiff's federally protected rights, singling him out for

discriminatory treatment based upon his racial classification and/or gender (because he is an African-American male), humiliating him, and attempting to obfuscate and conceal the identity, telephone number, and whereabouts of the Sugar Room manager for the purpose of preventing Attorney Powells from enforcing those rights. Accordingly, Defendant is also liable to Plaintiff for punitive damages under 42 U.S.C. § 1981, because its conduct was based on malice and/or reckless indifference to Plaintiff's legal rights, in an amount of at least $500,000 or as determined by the trier-of-fact.

29.    In addition, Defendant's conduct as described hereinabove has caused Plaintiff to incur attorneys' fees and costs and will continue to cause Plaintiff to incur such fees and costs until this action has been resolved, and Plaintiff is entitled to recover those attorneys' fees and costs in accordance with applicable federal laws.

**Count II: Compensatory & Punitive Damages Pursuant to State Law for Intentional Infliction of Emotional Distress**

30.    Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though such allegations were fully set forth herein.

31.    The aforesaid acts and omissions by Defendant and its employees were outrageous and utterly intolerable in civilized society, were malicious and/or were conducted with reckless indifference to the likelihood that emotional distress would

result, and were intentional toward Plaintiff and intended to cause him emotional distress. They therefore constitute the tort of intentional infliction of emotional distress.

32.     Defendant and its employees at the Sugar Room personally acted with malice and reckless indifference towards Plaintiff's federally protected rights— singling him out for discriminatory treatment because he is an African-American and a male; and humiliating him and lying to him preventing him from enforcing those rights. Accordingly, Defendant is liable to Plaintiff, jointly and severally, for compensatory damages under applicable state laws because its conduct was based on malice and/or reckless indifference to Plaintiff's legal rights, in an amount of at least $500,000 or as determined by the trier-of-fact.

## VII. JURY DEMAND

33.     Plaintiff respectfully requests trial by jury in this matter.

## PRAYER & CONCLUSION

WHEREFORE, Plaintiff demands judgment against Defendant, Tout Sweet, LLC, for injunctive so that he may go to the Sugar Room without being excluded and compensatory damages of at least $500,000 or in an amount to be determined by the jury at trial, for punitive damages of at least $500,000 or in an amount to be determined by the jury at trial, and for his attorneys' fees, costs, pre-judgment interest and such other and further relief as the Court shall deem just and proper.

Respectfully Submitted,

/s/ *Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:  713/320-3785
FAX:         713/893-6737
E-mail:      AttorneyKallinen@aol.com

Alexander C. Johnson
Kallinen Law PLLC
State Bar of Texas No. 24123583
U.S. Southern District of Texas Bar No. 3679181
511 Broadway Street
Houston, Texas 77012
Telephone:  573/340-3316
FAX:         713/893-6737
Email:       alex@acj.legal

ATTORNEYS FOR PLAINTIFF